IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-363-BO

| | |
|---|---|
| ATLANTIC COAST PIPELINE, INC., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     O R D E R <br> ) |
| 3.612 ACRES, MORE OR LESS, IN <br> HARNETT COUNTY, NORTH <br> CAROLINA, *et al.*, <br> Defendants. | ) <br> ) <br> ) <br> ) |

This cause comes before the Court on a motion by defendants Sherwood Glen Barefoot, Sharon B. Hudson, Brian Keith Barefoot, and Jonathan Keith Barefoot to vacate plaintiff's voluntary dismissal. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' motion is denied.

BACKGROUND

On September 18, 2015, plaintiff (ACP or plaintiff) filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC), seeking permission to construct an approximately 600-mile pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See, generally,* [DE 1-2]. In order to construct the pipeline, ACP needed to acquire both temporary and permanent, exclusive easements on properties along the FERC-approved pipeline route.

ACP initiated this case by filing a complaint in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1 on July 20, 2018. ACP sought an order

allowing the taking of certain interests in real property, immediate entry and possession of real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act.

On August 5, 2019, the Clerk of Court entered default against defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. On February 26, 2020, the Court entered default judgment against defendants. In so doing, the Court specifically held that ACP was "entitled to condemn the easements sought in the Complaint in Condemnation . . .." [DE 24]. The Court further determined that additional proceedings would be held to determine the amount of just compensation due to defendants. *Id.* On July 5, 2020, ACP announced the cancelation of its pipeline project. ACP subsequently filed a notice of voluntary dismissal on August 25, 2020, pursuant to Rule 71.1(i)(1)(A) of the Federal Rules of Civil Procedure.

On September 25, 2020, defendants, for the first time in this proceeding, noticed their appearance through counsel. [DE 28 & 29]. The same day they filed the instant motion to vacate plaintiff's voluntary dismissal. In their motion, defendants argue that because the Court has determined that ACP has acquired entitlement to an easement on the defendants' property, defendants are therefore entitled to a hearing or trial on the issue of just compensation. Accordingly, defendants contend, ACP was without the right to voluntarily dismiss this proceeding under Rule 71.1(i)(1)(A), and it was required to proceed under Rule 71.1(i)(1)(C), which provides that "at any time before compensation has been determined and paid, the court may, after motion and a hearing, dismiss the action as to the piece of property. But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award

compensation for the title, lesser interest, or possession taken." *Id.* Defendants ask the Court to vacate the voluntary dismissal and set this matter for hearing on just compensation.

## DISCUSSION

Rule 71.1(i) of the Federal Rules of Civil Procedure provides that

(1) *Dismissing the Action.*
(A) *By the Plaintiff.* If no compensation hearing on a piece of property has begun, and if the plaintiff has not acquired title or a lesser interest or taken possession, the plaintiff may, without a court order, dismiss the action as to that property by filing a notice of dismissal briefly describing the property.

Fed. R. Civ. P. 71.1(i)(1)(A).

No compensation hearing on the property has begun. Nor has ACP acquired title or lesser interest in the subject property. The mere filing of a complaint in condemnation does not amount to a taking. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 16 (1984). Although default judgment was entered in ACP's favor, the order determined only the narrow issue of whether plaintiff was *entitled* to condemn the subject easements under the Natural Gas Act. This is further reflected in ACP's motion requesting that the Court schedule a hearing or trial on just compensation. In its motion, ACP indicated that such proceeding would allow it to present evidence on the issue of just compensation "as a condition precedent for an order vesting title to the easements." [DE 25]. This motion was not decided prior to ACP's voluntarily dismissing this action.

Defendants also rely on an easement agreement dated May 23, 2017, and recorded on March 26, 2018. [DE 32-1]. The instant defendants own the subject property along with several others as tenants-in-common. ACP contends it attempted to negotiate with all of the owners of the real property, but that it was successful in negotiating only with some. The easement agreement was obtained from the co-tenants with whom ACP successfully negotiated. As ACP

3

was unable to negotiate a settlement with these defendants, it filed the instant complaint in condemnation. Defendants did not sign the easement agreement, and ACP therefore acquired no title to the undivided interests held by these defendants. *See Hedgepeth v. Parker's Landing Prop. Owners Ass'n*, 388 F. App'x 242, 246 (4th Cir. 2010) (under North Carolina law, as an easement is an interest in land, words intending to create an easement must be "signed by the party to be charged.").

Finally, ACP has not taken possession of the subject property. It is undisputed that ACP has not taken physical possession of the property. In a motion for preliminary injunction, ACP sought the right to take possession of the easements pursuant to *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 823-25 (4th Cir. 2004), but it withdrew that motion prior to its being decided. [DE 13 & 16]. Accordingly, the Court never exercised its equitable power to grant ACP immediate possession of the property through issuance of a preliminary injunction. *Id.* at 828.

As a just compensation hearing has not commenced and ACP has taken neither title, a lesser interest, or possession of the subject property, just compensation is not owed. Defendants are therefore not entitled to vacatur of the voluntary dismissal.

## CONCLUSION

For the foregoing reasons, defendants' motion to vacate notice of voluntary dismissal [DE 30] is DENIED.

SO ORDERED, this __16__ day of February, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4