IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-363-BO

| | |
|---|---|
| ATLANTIC COAST PIPELINE, INC., Plaintiff, | ) ) ) |
| v. | ) ) ) |
| 3.612 ACRES, MORE OR LESS, IN HARNETT COUNTY, NORTH CAROLINA, *et al.*, Defendants. | ) ) ) ) ) |

ORDER

This cause comes before the Court on a motion by landowner-defendants Sherwood Glen Barefoot, Sharon B. Hudson, Brian Keith Barefoot, and Jonathan Keith Barefoot to reopen case to allow the Court to consider landowners' motion for attorney fees, costs, and expenses. Plaintiff has responded, the time for filing a reply has expired, and the matter is ripe for ruling. For the reasons that follow, the motion is denied.

BACKGROUND

On September 18, 2015, plaintiff Atlantic Coast Pipeline (ACP or plaintiff) filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC), seeking permission to construct an approximately 600-mile pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See, generally,* [DE 1-2]. In order to construct the pipeline, ACP needed to acquire both temporary and permanent, exclusive easements on properties along the FERC-approved pipeline route.

ACP initiated this case by filing a complaint in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1 on July 20, 2018. ACP sought an order allowing the taking of certain interests in real property, immediate entry and possession of real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act.

On August 5, 2019, the Clerk of Court entered default against defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. On February 26, 2020, the Court entered default judgment against defendants. In so doing, the Court specifically held that ACP was "entitled to condemn the easements sought in the Complaint in Condemnation . . .." [DE 24]. The Court further determined that additional proceedings would be held to determine the amount of just compensation due to defendants. *Id.* On July 5, 2020, ACP announced the cancelation of its pipeline project. ACP subsequently filed a notice of voluntary dismissal of this action on August 25, 2020, pursuant to Rule 71.1(i)(1)(A) of the Federal Rules of Civil Procedure.

On September 25, 2020, landowner-defendants (defendants), for the first time in this proceeding, noticed their appearance through counsel and filed a motion to vacate plaintiff's notice of voluntary dismissal. [DE 28 & 29]. The Court denied defendants' motion by order entered February 16, 2021. [DE 35]. On March 16, 2021, defendants filed the instant motion to reopen the case. Defendants ask the Court to retain jurisdiction and open an administrative docket for the purpose of determining ancillary matters, including whether defendants are entitled to recover reasonable costs and attorney fees, and further to set a time period within which defendants may file for ancillary relief.

## DISCUSSION

Defendants correctly contend that a court may consider collateral matters after a case has been closed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Plaintiff correctly contends, however, that defendant's motion is, at bottom, a request for an extension of time within which to move for attorney fees and costs. The Court further agrees with plaintiff that, at the latest, the time for filing a motion for attorney fees pursuant to Fed. R. Civ. P. 54(d) was triggered by the denial of defendants' motion to vacate the notice of voluntary dismissal on February 16, 2021. *See Affinity Living Grp., LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 639 (4th Cir. 2020).

Fed. R. Civ. P. 54(d) provides that a motion for attorney fees and costs must be made no later than fourteen days after the entry of judgment. Accordingly, defendants had through and including March 2, 2021, to move for attorney fees. The instant motion was not filed until March 16, 2021. In their motion, defendants make no attempt to demonstrate excusable neglect for failure to file the motion within the time allowed. *See Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 259 (4th Cir. 2008) (citing Fed. R. Civ. P. 6(b)). Nor have defendants attempted to make such showing following the filing of plaintiff's response which raised this issue.

Accordingly, in the absence of grounds upon which to find excusable neglect for failing to file a motion for attorney fees and costs within the time provided, the Court may not extend the time for defendants to file such a motion. *Id.* Defendants' motion is therefore denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to reopen case to hearing ancillary motion [DE 36] is DENIED.

SO ORDERED, this 29 day of June, 2021.

                                                    TERRENCE W. BOYLE
                                                    UNITED STATES DISTRICT JUDGE